IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

05-23240

| | |
|---|---|
| Jody Forbes, Moniquie Foster, Vania DePasse, Sonya Wilson, Kristine Gregory and Niko Brammer, | CIV-GRAHAM |
| PLAINTIFFS, | JURY TRIAL DEMAND |
| v. | |
| Houston's Restaurants, Inc. and Hillstone Restaurant Group, jointly and severally, | MAGISTRATE JUDGE O'SULLIVAN |
| DEFENDANTS. | NIGHT BOX FILED DEC 14 2005 CLARENCE MADDOX  |

## COMPLAINT

Plaintiffs Jody Forbes, Moniquie Foster, Vania DePasse, Sonya Wilson, Kristine Gregory and Niko Brammer ("Plaintiffs") hereby allege that:

1. Plaintiffs bring this lawsuit under Title II of the Civil Rights Act of 1964 (Public Accommodations Act), 42 U.S.C. § 2000a et seq. and under 42 U.S.C. § 1981.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended ("§ 1981"), and the Civil Rights Act of 1964, 42 U.S.C. § 2000(a) et seq., as amended ("Title II") and 28 U.S.C. § 1331.

3. Plaintiffs have fulfilled all precedent conditions necessary to the institution of this action under Title II or are in the process of perfecting their rights and exhausting administrative remedies.

4. Venue is proper in the Southern District of Florida because the claims alleged herein arose in this District and the Defendants do business in this District.

## I. PARTIES

### A. PLAINTIFFS

5. Plaintiff Jody Forbes is an African-American resident of the State of Florida.

6. Plaintiff Moniquie Foster is an African-American resident of Miramar in the State of Florida.

7. Plaintiff Vania DePasse is an African-American resident of Pompano Beach in the State of Florida.

8. Plaintiff Sonya Wilson is an African-American resident of Miramar in the State of Florida.

9. Plaintiff Kristine Gregory is a Caucasian resident of the State of Florida.

10. Plaintiff Niko Brammer is an African-American resident of Miami in the State of Florida.

### B. DEFENDANTS

11. Defendant Hillstone Restaurant Group ("Hillstone") is a Georgia corporation that is registered with the State of Florida as a foreign corporation and does business in the Southern District of Florida.

12. Defendant operates a chain of more than forty full-service restaurants in more than twelve states, including Defendant Houston's Restaurants, Inc. ("Houston's"). Hillstone's restaurants are principally engaged in the selling of food to be eaten on the premises.

13. Houston's Restaurants are places of public accommodation within the meaning of 42 U.S.C. § 2000a(b)(2).

14. Houston's Restaurants serve, or offer to serve, persons who are interstate travelers.

15. Houston's Restaurants affect commerce within the meaning of 42 U.S.C. § 2000a(c)(2).

## II. FACTUAL ALLEGATIONS

16. Defendants have denied to Plaintiffs, on the ground of their race or color, the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations, on the same basis as it makes such available to individuals who are not African-American.

17. On or about December 17, 2004, the Plaintiffs, five of whom are African-American, were patrons of the Houston's Restaurant facility located at 201 Miracle Mile, Coral Gables, Florida 33134 when Defendant discriminated against them based on their race.

18. On or about December 17, 2004, Plaintiff Jody Forbes invited five of her coworkers, Ms. Foster, Ms. DePasse, Ms. Wilson, Ms. Gregory, and Mr. Brammer, to Houston's for a holiday celebration. During the course of this evening, the group of diners spent more than $300.00 on food and drinks.

19. At no time was the group loud, disruptive or impolite. However, rather than being permitted to enjoy the restaurant on the same basis as the other paying customers, Ms. Forbes, Ms. Foster, Ms. DePasse, Ms. Wilson, Ms. Gregory and Mr. Brammer were subjected to severely hostile and discriminatory treatment by the Houston's staff, including their server, Manager Brian Humphreys, and the General Manager of the restaurant, Cindy Norman.

20. The discrimination began when the Houston's server abruptly presented this predominantly African-American table with a check before the group was ready to leave the restaurant. After paying the bill and 18% gratuity, the diners were subsequently neglected by their server in their attempts to order a second round of drinks.

21. When Plaintiff Niko Brammer, the last member of the group to arrive, attempted to join the table after having waited outside the restaurant in line for approximately one hour, he was informed that "no joiners" were allowed. Even though Mr. Brammer agreed to leave so that the rest of the group could continue their evening, General Manager Norman informed the table that none of them would be permitted to order anything else.

22. General Manager Norman also stated that they could not continue sitting at their table and would have to proceed to the bar area, while other, white diners who had been seated for as long or longer were allowed to remain at their tables. The six customers agreed to cooperate if the bar could accommodate their group. However, the manager then informed them that there were only two seats available at the bar. Two of the members of the group volunteered to leave the table and sit at the bar, but the rest were told that they too must leave the table and would have to stand in the bar area.

23. This outrageous treament left the group bewildered and angry and caused them to object that they were paying customers and were not finished ordering.

24. Houston's hostile and discriminatory treatment of this group of diners culminated when Defendants summoned a police officer who forced them to leave the restaurant. Houston's forcible removal of the six patrons caused Plaintiffs extreme embarrassment and humiliation.

25. Defendant's conduct described in Paragraphs 16-23 constitutes denial of the full and equal enjoyment by African Americans of rights secured by 42 U.S.C. § 2000a et seq. and 42 U.S.C. § 1981, and this behavior is of such a nature and is intended to deny the full exercise of such rights.

## COUNT I
## VIOLATION OF THE RIGHT TO MAKE AND ENFORCE CONTRACTS
## 42 U.S.C. § 1981

26. Plaintiffs reallege and incorporate by reference all paragraphs above, as if set forth fully herein.

27. Defendants Hillstone and Houston's, acting through their officers, employees, and agents, have engaged in policies and practices which denied to Plaintiffs, on account of race or color, the right to make and enforce contracts and by denying Plaintiffs the same right to make and enforce contracts as is enjoyed by white citizens of the United States in violation of 42 U.S.C. § 1981.

28. Defendants' violation of Section 1981 injured and damaged Plaintiffs.

29. Defendants have intentionally, deliberately, willfully and callously disregarded the rights of Plaintiffs.

30. By reason of Defendants' discrimination, Plaintiffs are entitled to all legal and equitable remedies available under 42 U.S.C. § 1981.

## COUNT II
## VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 (PUBLIC ACCOMMODATIONS ACT), 42 U.S.C. § 2000A ET SEQ.

31. Plaintiffs reallege and incorporate by reference all paragraphs above, as if set forth fully herein.

32. Houston's Restaurants are places of public accommodation under 42 U.S.C. §2000a(b)(1) and affect commerce within the meaning of 42 U.S.C. §2000a(c)(1).

33. Defendants Hillstone and Houston's, acting through their officers, employees, and agents, have engaged in policies and practices which denied to Plaintiffs, on account of race or

color, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Houston's Restaurants.

34. Defendants, acting through their officers, employees and agents, refused service to African-American clientele on account of race.

35. The conduct of Defendants described above constitutes resistance to the full and equal enjoyment by African-American persons of rights secured by 42 U.S.C. §§2000a *et seq.*, and this conduct was of such a nature and was intended to deny the full exercise of such rights.

### III.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter an Order:

36. Declaring that the discriminatory practices and policies of Defendants violate Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. and 42 U.S.C. § 1981;

37. Enjoining Defendants, their employees, agents, and successors, and all other persons in active concert or participation with them, from engaging in any act or practice which, on the ground of race and/or color, denies or abridges any rights secured by Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. or 42 U.S.C. § 1981;

38. Requiring Defendants, their employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct;

39. Award Plaintifs compensatory damages;

40. Award Plaintiffs punitive damages;

41. Award Plaintiffs the cost of this action and reasonable attorneys' fees; and

42. Award Plaintiffs pre-judgment and post-judgment interest on the foregoing sums;

43.  Plaintiffs further pray for such additional relief as the interests of justice may require.

## IV.  JURY DEMAND

Plaintiffs hereby request a trial by jury.

Dated: December 14, 2005   Respectfully submitted,

**David W. Sanford, D.C. Bar No. 457933**
**Laura C. Fentonmiller, D.C. Bar No. 450813**
**SANFORD, WITTELS & HEISLER, LLP**
2121 K St., N.W.
Suite 700
Washington, D.C. 20037
Telephone: (202) 942-9124
Facsimile: (202) 628-8189

**Grant E. Morris, D.C. Bar No. 926253**
**LAW OFFICES OF GRANT MORRIS**
2121 K St., N.W.
Suite 700
Washington, D.C. 20037
Telephone: (202) 486-0678
Facsimile: (202) 628-8189

By: _____
**Darren Finebloom, Fla. Bar No. 0336660**
**FINEBLOOM & HAENEL**
100 Wallace Avenue, Suite 130
Sarasota, FL 34237
Telephone: (941) 953-2622
Facsimile: (941) 365-4018

*Attorneys for the Plaintiffs*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**05-23240**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JODY FORBES, MONIQUIE FOSTER, VANIA DEPASSE, SONYA WILSON, KRISTINE GREGORY AND NIKO BRAMMER

**DEFENDANTS** CIV-GRAHAM
HOUSTON'S RESTAURANTS, INC. AND HILLSTONE RESTAURANT GROUP, JOINTLY AND SEVERALLY

(b) County of Residence of First Listed Plaintiff **DADE COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **MARICOPA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE

(c) Attorney's (Firm Name, Address, and Telephone Number)
FINEBLOOM & HAENEL, P.A.,   SANFORD WITTELS & HEISLER, LLP
100 WALLACE AVE., SUITE 130   2121 K. STREET, N.W. SUITE 700
SARASOTA, FL 34237   WASHINGTON, D.C. 20037

Attorneys (If Known)
Mr. Glenn Viers
2425 East Camelback Road, Suite 200, Phoenix, AZ 85016

O'SULLIVAN

(d) Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity).)
42 U.S.C. 1981, Title II Civil Rights Act of 1964 42 U.S.C. Section 2000(a) et seq. Denial of Public Accommodation based on race
LENGTH OF TRIAL via 2-3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12-14-05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 933701   AMOUNT $250.00   APPLYING IFP